# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 21, 2006

## ADAM CHARLES PARTIN v. DELORES LOURRAINE WALLIS

**Appeal from the Circuit Court for Knox County**
**No. 79914     Bill Swann, Judge**

_____

**No. E2006-418-COA-R3-CV - FILED DECEMBER 18, 2006**

_____

Adam Charles Partin ("Father") filed a petition to modify his child support obligation claiming that a significant variance existed between his income at the time his child support obligation was originally calculated and his current income. The case was tried and the Trial Court entered an order finding and holding, *inter alia*, that a significant variance did exist making the child support order eligible for modification. The Trial Court then reduced Father's child support. Delores Lourraine Wallis ("Mother") appeals claiming that the Trial Court erred in calculating Father's income and that a significant variance does not exist. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and SHARON G. LEE, J.J., joined.

Wayne Decatur Wykoff, Knoxville, Tennessee for the Appellant, Delores Lourraine Wallis.

W. Andrew Fox, Knoxville, Tennessee for the Appellee, Adam Charles Partin.

## OPINION

## Background

The facts in this case are not in dispute. When the parties divorced, Mother's annual income was $18,200 and Father's annual income was $39,000. Mother and Father have co-equal parenting time with the minor children. Mother was designated as the primary residential parent ("PRP") and Father was designated as the alternate residential parent ("ARP").[1] Under the Child Support Guidelines in place at the time of the divorce, Father was ordered to pay $287.00 per month in child support.

Currently, Mother has an income of approximately $24,000 and Father has an income of $48,276. Father currently is self-employed. He was not self-employed when the original child support order was entered.

Father filed a petition to modify his child support claiming his income had increased such that a 15% or greater variance exists between his income at the time of the original order and his current income making the child support order eligible for modification. Father sought a downward modification in his child support.

The case was heard before a Referee and the Referee entered Recommendations and Findings on March 29, 2005, finding and recommending, *inter alia*:

> because Father was not self-employed at the time of the divorce, but was paid a salary, that the proper way to calculate Father's current gross income, for comparison purposes to his gross income at the time of the divorce, would be to deduct self employment tax in the amount of 7.65%, after deducting reasonable expenses from gross receipts.

> * * *

> Father's income at the time of divorce, $3,250.00 per month, should be compared with Father's current gross income minus self employment taxes, which calculates to be $3,715.00 per month. $3,715.00 is only 14.3% greater than Father's monthly gross income at the time the last child support obligation was ordered, which was at the time of divorce. Consequently, Father does not meet the threshold of a 15% change in his gross income. Pursuant to Tenn. R. & Reg. 1240-2-4-.05(2)(a), the

---

[1] "If each parent spends exactly fifty percent (50%) of the time with the child, then the tribunal shall designate the parent with the lesser child support obligation as the PRP and the other parent as the ARP." Tenn. Comp. R. & Regs. 1240-2-4-.02(19)(c) (2004).

previous child support order is not eligible for modification and Father's petition must be dismissed.

Father requested a rehearing before the Trial Court and the Trial Court entered an order January 24, 2006, finding and holding, *inter alia*:

[Father] sought a rehearing not because of a dispute of any factual findings made by the Referee, but regarding application of the new child support guidelines found in Tenn. R. & Reg. 1240-2-4-.01 et seq. Neither party takes issue with the factual finding that Father's 2004 calendar-year gross receipts minus reasonable expenses were $48,276. Neither party takes issue with the factual representations made in the child support worksheet … assuming Father's legal argument prevails. Father seeks a downward modification of child support from $287.00 to $115.00 per month.

* * *

This Court holds that the finding of the Referee that a significant variance did not exist is in error. As a matter of logic, mother's argument is irrefutable. But, the regulations are very precise about the manner in which self-employment is calculated, "….(sic) income from, but not limited to, business operations … less ordinary and reasonable expenses necessary to produce such income". Tenn. R. & Reg. 1240-2-4-.04(3)(a)(3). Self-employment income is considered gross income and the regulations are equally precise about this definition. Tenn. R. & Reg. 1240-2-4-.04(3)(a)(1). Consequently the proper measure of gross income, for comparison to father's gross income at the time the last child support order issued, would be to take father's gross receipts and subtract his reasonable expenses. The hearing before the Referee was in March of 2005, thus the parties relied upon Father's 2004 figure, which was $48,276.00. Father's current gross income is $48,276.00 per year or $4023 per month. Compared to his gross income at the time of the last child support order, $39,000 per year or $3250.00 per month, Father's income is 23.8% greater, therefore a significant variance exists as provided by the child support regulations. The child support order is eligible for modification. Inputting the various income figures, parenting time adjustment, and additional expenses into the child support worksheet; the father's new child support obligation is $115.00 per month. It is therefore:

**ORDERED** that for the reasons herein stated, father's child support obligation is modified downward from $287.00 to $115.00 per month.

Mother appeals to this Court.

## Discussion

Although not stated exactly as such, Mother raises one issue on appeal: whether the Trial Court erred in calculating the change in Father's income which resulted in the finding that a

significant variance existed.  If there was no significant variance, then there would have been no further action by the Trial Court and, therefore, no reduction in the child support.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise.  Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).  A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness.  *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As pertinent to this appeal, Tenn. Comp. R. & Regs. 1240-2-4-.05 provides:

1240-2-4-.05  Modification of Child Support Orders.

(1)     Beginning on the effective date of these rules, all modifications shall be calculated under the Income Shares Guidelines.

(2)     Significant Variance Required for Modification of Order.

(a)     Unless a significant variance exists, as defined in this section, a child support order is not eligible for modification; provided, however, the necessity of providing for the child's health care needs shall be a basis for modification regardless of whether a modification in the amount of child support is warranted by other criteria.

(b)     A significant variance is defined as:

1.      At least a fifteen percent (15%) change in the gross income of the ARP; and/or …

Tenn. Comp. R. & Regs. 1240-2-4-.05 (2004).

As pertinent to this appeal, gross income is defined as:

(3)     Gross income.

(a)     Determination of Gross Income.

1.      Gross income of each parent shall be determined in the process of setting the presumptive child support order and shall include all income from any source (before deductions for taxes and other deductions such as pre-existing child support orders and credits for other qualified children),

-4-

whether earned or unearned, and includes, but is not limited to, the following:

(i)     Wages;

(ii)     Salaries;

(iii)     Commissions, fees, and tips;

(iv)     Income from self-employment;

* * *

3.     Self-Employment Income.

(i)     Income from self employment includes income from, but not limited to, business operations, work as an independent contractor or consultant, sales of goods or services, and rental properties, etc., less ordinary and reasonable expenses necessary to produce such income.

(ii)     Ordinary and Reasonable Expenses of Self Employment Necessary to Produce Income.

(I)     Excessive promotional, excessive travel, excessive car expenses or excessive personal expenses, or depreciation on equipment, the cost of operation of home offices, etc., shall not be considered reasonable expenses.

(II)     Amounts allowed by the Internal Revenue Service for accelerated depreciation or investment tax credits shall not be considered reasonable expenses.

Tenn. Comp. R. & Regs. 1240-2-4-.04(3) (2004).

Mother argues on appeal that the Trial Court incorrectly calculated Father's current income for purposes of determining if a significant variance exists by failing to subtract self-employment taxes from Father's current income prior to comparing Father's current and previous income figures. Mother argues:

In order to have an "apples to apples" comparison, the correct measure of the father's current gross income would be to deduct self-employment tax in the amount of 7.65% after deducting reasonable expenses from gross receipts. The result of this calculation would then be the equivalent of the measure of the Father's income at the time of the divorce when he was employed and did not pay a self-employment tax.

Mother cites to two sections of the guidelines in support of her argument. Specifically, Mother cites to Tenn. Comp. R. & Regs. 1240-2-4-.02, which provides, in pertinent part:

1240-2-4-.02    Definitions

(1)    "Adjusted Gross Income" – The adjusted gross income (AGI) is the net determination of a parent's income, calculated by deducting from that parent's gross income the following amounts:

(a)    Any applicable self-employment taxes being paid by the parent; …

Tenn. Comp. R. & Regs. 1240-2-4-.02(1)(a) (2004).

Mother also cites to Tenn. Comp. R. & Regs. 1240-2-4-.04(4), which, in pertinent part, provides:

(4)    Adjustments to Gross Income for Self-Employed Parents.

(a)    The Child Support Schedule includes deductions from a parent's gross income for the employee's share of the contributions for the first six and two-tenths percent (6.2%) in Federal Insurance Contributions Act (FICA) and one and forty-five hundredths (1.45%) in Medicare taxes.

(b)    An additional deduction of FICA – six and two-tenths percent (6.2%) Social Security + one and forty-five hundredths (1.45%) Medicare – as of 1991, or any amount subsequently set by federal law as FICA tax, shall be deducted from a parent's gross income earned from self-employment, up to the amounts allowed under federal law.

* * *

(d)    Self-employed persons are required by law to pay the full FICA tax of twelve and four tenths percent (12.4%) up to the eighty-seven thousand dollars ($87,000) gross earnings limit

and the full Medicare tax rate of two and nine tenths percent (2.9%) on all earned income.

(e)     Any self-employment tax paid shall be deducted from gross income as part of the calculation of a parent's adjusted gross income, as indicated in Part II of the CS Worksheet.…

Tenn. Comp. R. & Regs. 1240-2-4-.04(4) (2004).

In its January 24, 2006 order, the Trial Court noted: "As a matter of logic, mother's argument is irrefutable." However, because Father currently is self-employed but was not self-employed at the time the original child support order was entered, changes in the Child Support Guidelines work in Father's favor. The Child Support Guidelines are clear that "[b]eginning on the effective date of these rules, all modifications shall be calculated under the Income Shares Guidelines." Tenn. Comp. R. & Regs. 1240-2-4-.05(1) (2004). The Child Support Guidelines are equally as clear in providing that the existence of a significant variance in income for purposes of determining if a modification is proper is calculated as: "At least a fifteen percent (15%) change in the gross income of the ARP…,"[2] not the adjusted gross income of the ARP. Tenn. Comp. R. & Regs. 1240-2-4-.05(2)(b)(1) (2004). As Tenn. Comp. R. & Regs. 1240-2-4-.05 clearly and unambiguously provides that a significant variance will be calculated using gross income, we must apply the plain language of this section. *See Kesser v. Kesser*, 201 S.W.3d 636, 646 (Tenn. 2006) (discussing plain language found within the Child Support Guidelines and citing *City of Cookeville v. Humphrey*, 126 S.W.3d 897, 902 (Tenn. 2004) for the proposition that "where the language of a statute is clear and unambiguous, we must apply the statute in accordance with its plain language."). The Child Support Guidelines also clearly provide that gross income "shall include all income from any source (before deductions for taxes …." Tenn. Comp. R. & Regs. 1240-2-4-.04(3)(a)(1) (2004). Thus, the Trial Court correctly refused to subtract self-employment taxes from Father's current income prior to comparing Father's current income to his previous income. Given this, a significant variance as found by the Trial Court exists making the child support order eligible for modification.

We recognize that the facts in this case compel an unpalatable result. We agree with the Trial Court that "[a]s a matter of logic, mother's argument is irrefutable." Unfortunately, we are, as was the Trial Court, required to follow not logic but the regulations. Father, who admittedly is making more money than he was at the time the original child support order was entered and who is spending the exact same amount of time with the minor children, has sought and been granted a more than fifty percent reduction in his child support obligation even though both his gross income and adjusted gross income have increased. Unfortunately, we are bound by law to apply the plain and unambiguous language contained in Tenn. Comp. R. & Regs. 1240-2-4-.05. The parties do not dispute the calculation of child support as made by the Trial Court if the Trial Court correctly found

---

[2] Beginning January 1, 2006, this factor for finding a significant variance, a fifteen percent or greater change in the gross income of the ARP, was eliminated. Tenn. Comp. R. & Regs. 1240-2-4-.05(7) (2004).

a significant variance. We affirm the Trial Court's finding of a significant variance in Father's income and, therefore, affirm the Trial Court's January 24, 2006 order.

### **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Delores Lourraine Wallis, and her surety.

_____
D. MICHAEL SWINEY, JUDGE